We're ready for argument now in the case of Gehner v. Cook Medical. Mr. Cruz. May it please the Court, Michael Cruz for the plaintiff, Jessica Gehner. Your Honors, it is appellant's position in this case, it's a question regarding the statute of limitations for product liability and in particular medical device cases in the state of Ohio and its application. Appellant contends that the District Court misapplied the standard to her case and in particular misapplied Ohio's application of the discovery rule in a medical device case. We believe the District Court improperly or misinterpreted a Sixth Circuit opinion, Griffin v. American Medical Systems to rely on it for the principle that in Ohio the removal of a medical device necessarily triggers the accrual date for the statute of limitations. What the law says, if we look at the entire body of cases in this context, is that the statute of limitations does not begin to run until a plaintiff is alerted that the device is defective. Mr. Cruz, I take it then you take no issue with District Court relying upon your client's affidavit that you submitted in opposition to the motion, is that correct? Correct, Your Honor. As I was saying, the critical date is when the plaintiff is alerted that the device is defective, that's what triggers the running of the statute of limitations. Sometimes that can be when the product is removed and the medical, the doctor who removes the product informs the plaintiff at that time that we are removing it because it is defective, but that's not always the case. In Ms. Gaynor's case, her product was removed as we indicated in the affidavit. It was causing her a physical injury, but she was not informed at that point in time that it was causing her a legal injury as a result of it being defective. She was led to believe by her doctors that this is, this while not, doesn't happen often. Is there any support in the Ohio case law for the difference between physical injury and a legal injury? The body of cases going all the way back to Ostricker when they first started articulating the discovered rule draws a distinction between physical injury and legal injury and makes clear that legal injury is the critical point in deciding the discovered rule application under Ohio law. But I guess my question is a little different than that. Wouldn't the legal injury be the physical injury? I mean, you know, it's, what would be the legal injury if not the physical injury? Well, the legal injury, the distinction is the physical injury is we may know we were hurt, but the way the cases interpret that distinction is that you know your physical injury was caused necessarily by a defective product or the wrongful conduct of the defendant. But that would, if that were the case, wouldn't the discovery rule then blow out every other Ohio statute on the statute of limitations in this context? No, not necessarily because there are certainly situations, and if you look at the body of cases, the courts go through and they do a fact-specific analysis, which indeed it is a question of fact. There are some situations where, and the courts will say necessarily, there's no other reasonable explanation for what happened other than the product must be necessarily defective based on the injury you suffered. That's not the, that's not the allegation we have here. We shouldn't conflate the product defect with the injury, right? They're two separate things. I mean, the discovery rule applies to injury. It doesn't really have anything to do with the latent defect in the product. Well, and with the way I have read the cases, and I believe the law in Ohio says is that there is a combination of that. Until the plaintiff is on notice or has reason to believe that their injury was caused by a product defect, indeed, and I think the district court even contends in its order that the plaintiff must be alerted to the defective nature of the product. Now we believe Judge Young misinterpreted it to the facts of this case, but until the Well, I guess the way I'm hearing your argument may be different is the plaintiff had noticed in, what is it, 2013, in March or April of 2013, that there was a defect in the product. And the plaintiff had noticed that there was an injury at the same time. I think your argument is that the plaintiff did not have noticed that the product, the commercial. Correct. And I think the distinction is we don't, we certainly don't contend that the plaintiff didn't know that she had an injury. And didn't know that the product was defective. It's just the combination of the two that you have to combine the two to survive the statute of limitations in this case, I think. Well, and I think where, what we're saying is the fact that the product, she knew that she had an injury and she knew the product had to be removed. That doesn't mean the product was defective from a legal standpoint. While the product may not, this may not have worked, medical products fail on occasion. And I think the defendant would certainly tell you that that's the mere standard for a product liability action is not the failure of a medical device. Sometimes when medical devices go into your body, the natural course of things, your body reacts to it, sometimes they come out. That does not necessarily equate to the product, the defendant being liable for that injury. Something more has to happen. The product has to be defective from a legal standpoint is our position at the time, especially based on. I understand you to be arguing essentially that the time to sue doesn't start until the plaintiff has enough evidence to win a jury verdict. No that's not what we're saying. The alternative way of thinking of it is that the time starts with injury and then you've got two years in Ohio to figure out whether you've got a good claim. But it's not two years for rest and relaxation, which is essentially how you're characterizing the time limit. There has to, it is my book, it is my understanding, and as I believe we articulated in our brief, the law of Ohio, there has to be something to alert the plaintiff that the product is potentially defective. In this situation, her doctor. Potentially defective and defective are different things. You've been saying so far defective. Potentially defective is just injurious. And I apologize. You've got something and it breaks and it's taken out. Well it broke. It might have been perfectly good and chance might have intervened. But normally one would think of the period of limitations as the time to investigate that. And I apologize. I misspoke. And it is our position that the plaintiff would have to be alerted that the product is defective. Right. So until a lawyer says directly or over a TV ad, you should sue about something, the time doesn't start. What's the best Ohio case for that proposition? There are a number of cases and if you look at, especially if you look at the case of Grant v. Memory in which they talk about, there was a cardiac pacemaker that had to be removed and had to be replaced. And they talked about the removal date and whether that triggered the statute of limitations. And the court determined based on what happened, that wasn't the case. There was no basis for the plaintiff to know the product was defective based on the course of treatment that the plaintiff received until a later point in time. That they were then put on notice legally that there was a cause of action to start the clock. If there's nothing further, I'll reserve the reminder of my time for rebuttal. Certainly, counsel. Mr. Hossage. Thank you, Your Honor. May it please the court. My name is Eldon Hassack and I represent the Cook defendants in this case. This court should affirm the district court's judgment dismissing plaintiff's claims as time barred under Ohio law. Ohio has a two-year statute of limitations and in this case, plaintiff experienced pain, abdominal pain. Doctors told her that pain was related to her filter and that the filter had to be removed. And when the, during the removal or prior to the removal, the device fractured and it could not be removed in its entirety. There was a fragment that remained in the plaintiff's body. The removal procedure was April 2nd, 2013 and the statute of limitations began to run no later than that point. Plaintiff had two years to investigate whether to file a claim and her filing in May 2016 is over a year too late. The statute of limitations in Ohio for medical device cases was codified in a statute and what that statute states is that the statute of limitations begins to run upon the date on which, by the exercise of reasonable diligence, the plaintiff knew or should have known that the plaintiff has an injury related to the exposure or the use of the device. And Mr. Hassack, I guess, one question I have is the term exposure to ethical medical device in the statute. Does that just mean just the exposure to the medical device? That's how we read it. That's the language the statute uses. It does seem a little unusual. And I think it makes sense that the statute of limitations is often applied in toxic torque cases or asbestos cases, so exposure is language that would be more familiar in that context. But we read it and I think the Ohio courts read it as just use of the device or presence  So it doesn't require exposure to a defective device. It just says injury is related to the exposure to the medical device of whatever kind. Right, to the use of the device. And so when the Ohio courts talk about being alerted, we read that as, it doesn't say that the doctor has to tell the plaintiff this device is quote unquote defective. I mean defect is a legal term. It's not a medical term that a doctor might use in ordinary language or in conversation with a patient. So what the courts have said, and I think the Dunn case from the Sixth Circuit talks about this, it's when the plaintiff is alerted that there might be an issue with the device. And I think we have that in this case. The plaintiff had abdominal pain and was told that the pain was caused by the filter pushing or compressing her bowel and that was a reason to remove the device and then during the removal procedure the entire device could not be removed. So essentially you have a device that had to be removed and it could not be removed in its entirety. It broke or fractured in some manner. And under the standard, the plaintiff is on notice, the plaintiff is alerted that something is unexpected has happened here and the plaintiff has two years to investigate whether to pursue a legal claim or not. And in this case the plaintiff waited too late. Three years passed. The claim became time barred in 2015 and for those reasons the district court's judgment should be affirmed. If there are no further questions, I would yield my time. Thank you, counsel. Thank you, your honors. Anything further, counsel? Thank you, judge. Your honors, I will be brief. To address Judge Lee's question about the statutory section where it simply spoke of exposure as opposed to mentioning defective product, if you look at the language of the statute, it talks about the plaintiff being informed of an injury related to a product. If you look at the history of Ohio law, the injury they're speaking about, excuse me, the statute in that context appears to have been codifying the discovery rule prior to its passage, which I believe was 2006. That statute is codifying the standards that have been implied previously in which when they speak of injury, they're speaking of legal injuries. So necessarily there must be some relation to wrongful conduct. If you look at some later Ohio cases interpreting that statute in particular, and you'll see in a brief the Hutchins case and the Pettit case, they make clear that that statute doesn't change the requirement that Ohio courts generally, or Ohio courts require that plaintiffs have knowledge, knew or should have known that their injury was caused by the defendant's wrongful conduct, which is not the case here. In light of the evidence that we have presented, we certainly think that this is a jury issue. The jury should be able to decide whether Ms. Gaynor knew or should have known prior to 2016 that she was injured by defendant's wrongful conduct such that the statute of limitations would begin running. Thank you, Your Honor. Thank you, counsel. The case is taken under advisement.